■ WATER WORKS REALTY CORP., Appellant, v ARON CYTRYN et al., Respondents, et al., Defendants. [693 NYS2d 208] —In an action, *inter alia,* to recover damages for breach of contract, the plaintiff appeals, as limited by its brief, from so much of (1) an order of the Supreme Court, Nassau County (McCaffrey, J.), entered April 13, 1998, as granted those branches of the motion of the defendants Aron Cytryn, Maurice Radzikand West Lawrence Associates, Inc., which were for summary judgment dismissing the first cause of action asserted against them, and (2) an order of the same court, entered September 21, 1998, as, upon reargument, adhered to so much of its original determination as granted the separate motions of the defendant Simon Pelman and the defendants Jan Burman, Sidney Engel, Jerome Lazarus, Lewis Henkind, and Sol Henkind which were for summary judgment dismissing the fifth cause of action asserted against them.

Ordered that the orders are affirmed insofar as appealed from, with one bill of costs to the respondents appearing separately and filing separate briefs.

The Supreme Court properly granted summary judgment in favor of the defendants Simon Pelman, Jan Burman, Sidney Engel, Jerome Lazarus, Lewis Henkind, and Sol Henkind (hereinafter the Merrick Members) dismissing the plaintiff's fifth cause of action alleging tortious interference with the alleged contract between the plaintiff and the defendants Aron Cytryn, Maurice Radzik and a nonparty, Carol Friia (hereinafter the lessors), to develop a nursing home at a site owned by the plaintiff. The plaintiff failed to allege an actual breach of contract, as required (*see, Lama Holding Co. v Smith Barney,* 88 NY2d 413, 424; *NBT Bankcorp v Fleet/Norstar Fin. Group,* 87 NY2d 614, 621). Instead, the plaintiff merely alleged that the Merrick Members induced an "attempt" to transfer a Certificate of Need for the nursing home. In any event, the evidence, including corroboration by the defendant Cytryn demonstrates that the Merrick Members never solicited the lessors to breach the contract. Rather, the lessors acted inde-

pendently in exploring alternative business arrangments, including the initiation of discussions with the defendant Pelman regarding the transfer of the Certificate of Need for the nursing home (*see, Rapp Boxx v MTV, Inc.,* 226 AD2d 324, 325).

The plaintiff's remaining contentions are without merit. Bracken, J. P., O'Brien, Thompson and Sullivan, JJ., concur.